UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WACHTEL & MASYR LLP,

      Plaintiff,

-v-                                    No. 11 Civ. 7398 (LTS)(MHD)

BRAND PROGRESSION LLC et al.,

      Defendants.

-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 15 2012

## ORDER

Plaintiff Wachtel & Masyr LLP ("Plaintiff") has moved to remand this action to the Civil Court of the City of New York City, New York County, and for attorneys' fees and costs associated with the motion. Defendants have moved for an order dismissing the complaint for insufficient service of process. For the following reasons, Plaintiff's motion is granted and Defendants' motion is denied.

Remand of this action is warranted because the amount in controversy does not exceed $75,000, and an award of attorneys' fees and costs is warranted because Defendants have not proffered an objectively reasonable basis for removal. Defendants asserted in their Notice of Removal that this Court had diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332, as the parties are diverse and the amount in controversy exceeds $75,000. Plaintiff, however, asserts in its motion to remand that the amount in controversy requirement has not been satisfied:

> As is clear from the face of [Plaintiff]'s complaint, the amount in controversy is $24,677.65, which falls well below the $75,000 amount required for federal diversity jurisdiction under 28 U.S.C. § 1332. While [Plaintiff] seeks recovery of the $24,677.65 under three alternative theories, Defendants wrongly aggregated the damages claimed in those alternative theories in order to make it appear as

though the amount in controversy was satisfied for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

(Pl.'s Mem. of L. p. 1.) Defendants have not filed any opposition to the motion seeking remand of this action and the time for doing so has passed.

District courts have original jurisdiction over all civil actions between citizens of different states if the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A § 1447(C) (West 2006). An award of costs and expenses is warranted when the removing party "lacked an objectively reasonable basis for seeking removal." Alicea v. Circuit City Stores, 534 F. Supp. 2d 432, 433 (S.D.N.Y. 2008) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)). Here, Plaintiff seeks $24,677.65 in legal fees that are allegedly owed by Defendants to Plaintiff. The complaint prays for such relief pursuant to three theories of liability: breach of contract, account stated and quantum meruit. These three theories of liability were pleaded in the alternative, not cumulatively, as evidenced by a common sense reading of the complaint as well as the representations of Plaintiff's counsel in its memorandum of law. The complaint seeks recovery from a single set of facts (Defendants' alleged failure to pay legal fees to Plaintiff), covering one specific time period (April 2007 to September 2009). The complaint does not allege facts regarding multiple discrete instances of unpaid legal fees and, as a matter of law, Defendant cannot be found liable on both an account stated claim (the second cause of action) and a breach of contract claim (the first cause of action) in connection with the same allegations of a failure to pay monies owed. See Erdman Anthony & Assoc. v. Barkstrom, 298 A.D.2d 981, 981 (N.Y. App. Div. 2002) ("a claim for an account stated may not be utilized simply as another

means to attempt to collect under a disputed contract"). Defendants' characterization of the complaint as seeking three distinct awards of exactly $24,677.65 each was not objectively reasonable, and Defendants' removal of this action simply prolonged litigation and resulted in additional costs to the opposing party. Accordingly, Plaintiff's motion to remand and for attorneys' fees and costs is hereby granted in its entirety, and Defendant's motion is denied without prejudice to renewal in the Civil Court of the City of New York, New York County.

Plaintiff is directed to submit a proposed order, with supporting documentation setting forth the amount of attorneys' fees and costs it is seeking, on 7 days' notice and within 21 days of the date of this Order. Any objection or counter-order must be served and submitted no later than 5 days after service of Plaintiff's proposed order and documentation.

The Clerk of the Court is respectfully requested to effectuate prompt remand of this case to the Civil Court of the City of New York, New York County. The case will remain open in this Court solely for the purpose of the determination and award of attorneys' fees and costs in connection with the remand motion.

This Order resolves docket entry numbers 6, 7 and 12.

SO ORDERED.

Dated: New York, New York
February 15, 2012

LAURA TAYLOR SWAIN
United States District Judge